NASHVILLE,.....................DECEMBER TERM, 1872.

## Wm. H. Robinson, Adm'r, *v.* Thos. J. Brown.

Mechanic's Lien. *Practice.* Where no objections are made below, to a bill that is not filed within the proper time to enforce a mechanic's lien, and no defence is made to the relief sought; but a judgment pro-confesso is alowed to be entered against the defendant, who appeals from a decree rendered for the amount ascertained by the Clerk and Master's report, insisting that no lien existed in favor of complainant, and that the attachment was illegally issued.

*Held,* The defendant, having taken no exceptions to these proceedings below, can take none in the Supreme Court.

### FROM GILES.

Appeal from the Chancery Court. Wm. S. Fleming, Chancellor.

Wm. H. Robinson, Adm'r, v. Thos. J. Brown.

JAMES McCOLLUM for Robinson.

JOHN S. WILKES for Brown.

McFARLAND, Judge, delivered the opinion of the Court.

This bill was filed to recover of the defendant a sum of money alleged to be due complainant's intestate, Blount W. Robinson, deceased, for work and labor as a millwright, and for materials furnished in repairing the defendant's mill, and to enforce a lien which the bill assumes exists under the law in favor of mechanics, upon the mill property and the land upon which it is situated. To enforce this lien an attachment was prayed for, issued and levied upon the property. A subpœna to answer, with copy of the bill, was also served regularly upon the defendant. He failed to make any defence to the bill, by plea, demurrer, answer, motion or otherwise; nor did he, in any manner, seek to have the attachment discharged.

A judgment pro-confesso was regularly entered against defendant, and a decree rendered declaring the lien in favor of the complainant, and referring the cause to the Master, to report the amount due.

Upon this question a large amount of proof was taken, and the defendant appeared and contested the question as to the amount of the complainant's account. A report was made and excepted to by the defendant, and the exceptions were acted upon by the Chancellor, and a decree rendered for the amount

ascertained, and a decree to sell the mill, with a sufficient quantity of the land to satisfy the decree. From this decree the defendant has appealed.

The only question made in his behalf is, that from the facts stated in the bill and appearing in the record, no lien existed in favor of complainant upon the premises. That the lien in favor of mechanics only existed for one year from the date of the service, and that this bill was not filed within that time.

As we have seen, there was no defence made, either to the relief sought in the bill, nor was the question in any manner made as to the issuance and levy of the attachment. There being no demurrer to the jurisdiction, the complainant would, at all events, be entitled to a decree for the amount due him, and as no question was made as to the legality of the issuance and levy of the attachment, we will not now inquire as to whether it was issued in the time allowed, it not being used as the leading process.

The defendant, having taken no exceptions to these proceedings below, can take none here.

The decree will be affirmed, with costs.